| | | |
|---|---|---|
| Shawn M. Webster | * | IN THE |
| 831 South Shore Drive | | |
| Southport, NC 28461 | * | UNITED STATES DISTRICT |
| | | |
| Plaintiff, | * | COURT |
| | | |
| v. | * | FOR THE |
| | | |
| John E. Potter, President | * | DISTRICT OF COLUMBIA |
| Metropolitan Washington Airports Authority | | |
| 1 Aviation Circle | * | |
| Washington, DC 20001 | | |
| | * | |
| Defendant. | | |
| | * | |
| Serve on: | | Case No.: |
| | * | |
| John E. Potter, President | | |
| Metropolitan Washington Airports Authority | * | |
| 1 Aviation Circle | | |
| Washington, DC 20001 | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## COMPLAINT

**COMES NOW**, Shawn M. Webster, by and through his attorneys, Paul V. Bennett, Esq.

and Bennett & Associates, P.C., and hereby sues John E. Potter, President, Metropolitan

Washington Airports Authority (hereinafter "MWAA") and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e et seq. (hereinafter "Title VII").

2.      This Court further has jurisdiction pursuant to the D.C. Human Rights Act of 1977,

D.C. CODE §§ 2-1401.01 et seq. (2015) (hereinafter "DCHRA").

3.      That all the actions complained of herein took place at the Ronald Reagan
Washington National Airport in Arlington, V.A., which is maintained and operated
by MWAA.

4.      That at all times relevant hereto, MWAA is a public, non-governmental entity located
in Washington, D.C. employing fifteen (15) or more persons, and is an "employer"
within the meaning of Title VII and the DCHRA.

5.      In accordance with Title VII and the DCHRA, Plaintiff timely filed a Charge of
Discrimination with the U.S. Equal Employment Opportunity Commission on August
28, 2015, which was contemporaneously cross-filed with the D.C. Office of Human
Rights. On September 19, 2015, Plaintiff received a Notice of Right to Sue from the
Equal Employment Opportunity Commission. Therefore, Plaintiff has properly
exhausted his administrative remedies before filing suit and his lawsuit has been
timely filed.

## FACTS COMMON TO ALL COUNTS

6.      Plaintiff's race is Caucasian. Defendant MWAA was aware at all times herein of
Plaintiff's race.

7.      Plaintiff's gender is male. Defendant MWAA was aware at all times herein of
Plaintiff's gender.

8.      Plaintiff was hired by Defendant MWAA on or around March 12, 1990 as a Police
Officer. In approximately 2008, Plaintiff was promoted to Lieutenant and served in
this position until approximately June 13, 2015.

9.      As of June 13, 2015, Plaintiff's annual salary was approximately one hundred fifteen
thousand dollars ($115,000.00). Plaintiff also received employment benefits while

working for Defendant MWAA, including, but not limited to, health insurance and 401(k) contributions.

10.     Plaintiff's job duties as Lieutenant included, without limitation, supervising sergeants and police and traffic control officers.

11.     From approximately 2012 to January of 2015, Plaintiff's immediate supervisor was Stephen Holl (Caucasian male), Chief of Police.

12.     From approximately January to June 13, 2015, Plaintiff's immediate supervisor was Brian Kaisler (Caucasian male), Major.

13.     From approximately January to June 13, 2015, Plaintiff's second-level supervisor was Gary Hart (African-American male), Deputy Chief of Police.

14.     From approximately January to May of 2015, Plaintiff's third-level supervisor was Mr. Holl, Chief of Police.

15.     From approximately May to June 13, 2015, Plaintiff's third-level supervisor was Brian Norwood (African-American male), Chief of Police.

16.     At all times relevant herein, Mr. Holl encouraged Plaintiff to attend classes and programs recommended for promotion to Major, including, but not limited to, the FBI National Academy and Professional Executive Leadership Class at the University of Richmond. Moreover, from approximately March of 2012 to March of 2015, Plaintiff worked for Mr. Holl as the Internal Affairs Commander.

17.     As the Internal Affairs Commander, Plaintiff's job duties included, without limitation, managing investigations of complaints and allegations of misconduct against MWAA employees.

18.     In approximately August of 2014, Plaintiff applied for a position to Major. Despite having approximately twenty-five (25) years of service with MWAA and significant experience as a Lieutenant, Plaintiff was not even selected for an interview.

19.     Shortly thereafter, Plaintiff spoke with Mr. Holl, Mr. Hart, and Michael Czlonka (Caucasian male), Deputy Chief of Police, about his frustration with the promotion process and his not being selected for an interview.

20.     On or about December 18, 2014, Naima Reed (African-American female) was promoted to Major. At the time of her promotion, Ms. Reed only had ten (10) years of service with MWAA (about two (2) of which were as a Lieutenant). Moreover, Ms. Reed had significantly less training and education than Plaintiff, and also received lower performance evaluations than Plaintiff.

21.     On or about December 22, 2014, due to the unjust nature of the promotion process, Plaintiff requested that he be removed as Internal Affairs Commander.

22.     In January of 2015, per his request, Plaintiff was removed as Internal Affairs Commander.

23.     On or about February 2, 2015, Plaintiff issued Lajacqueline Biggers (African-American female), Corporal, a written counseling form for exhibiting lack of professionalism. Shortly thereafter, Ms. Biggers filed a complaint of hostile work environment against Plaintiff.

24.     In approximately early March of 2015, the administrative investigation of the hostile work environment claim filed against Plaintiff began. Contrary to MWAA policy, the investigator refused to record his interview of Plaintiff.

25.     On March 13, 2015, the hostile work environment claim filed against Plaintiff was
        sustained.

26.     On or about April 1, 2015, Plaintiff submitted his intent to retire effective on or about
        June 13, 2015.

27.     On or about April 3, 2015, MWAA accepted Plaintiff's decision to retire effective on
        or about June 13, 2015.

28.     On or about May 5, 2015, Plaintiff was informed for the first time that the hostile
        work environment claim filed against him had been sustained.

29.     On May 7, 2015, Plaintiff was placed on administrative leave for committing an
        alleged "breach of trust" while serving as Internal Affairs Commander.

30.     In approximately the middle of May of 2015, Plaintiff asked Robin Wade (African-
        American female), MWAA's Manager of Labor and Employee Relations, if he could
        retract his retirement. Ms. Wade immediately told Plaintiff that a "retraction would
        not be accepted." However, in approximately 2013, Roscoe Evans (African-American
        male), Lieutenant, retracted his intention to retire which was accepted by MWAA.

31.     Plaintiff retired from MWAA on June 13, 2015.

32.     At all times relevant herein, Plaintiff met and/or exceeded MWAA's legitimate job
        expectations.

**COUNT I**
**RACIAL DISCRIMINATION**
**(Disparate Treatment)**
**Title VII of the Civil Rights Act of 1964**
**42 U.S.C. §§ 2000e et seq.**

33.    Plaintiff hereby restates and incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.    Plaintiff was qualified and satisfactorily performing his duties as a Lieutenant.

35.    That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his race (Caucasian) – a protected class under Title VII.

36.    That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

37.    That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his race (Caucasian).

38.    That the unlawful employment practices complained of above were intentional.

39.    That in approximately August of 2014, Plaintiff applied for a promotion to Major.

40.    That Plaintiff was qualified for the promotion to Major due to his twenty-five (25) years of service with MWAA, significant experience as a Lieutenant, education, and training.

41.    That Plaintiff was not even selected for an interview for the promotion to Major and thereby denied the promotion, despite his qualifications described above.

42.    That Ms. Naima Reed (African-American), similarly-situated Lieutenant, was treated more favorably than Plaintiff, as she was selected for an interview and ultimately

promoted to Major, despite being significantly less qualified for the position than Plaintiff.

43. Plaintiff's rejection for an interview and ultimately the promotion to Major thereby gives rise to an inference of unlawful discrimination based on race.

44. Additionally, Roscoe Evans (African-American), similarly-situated Lieutenant, was allowed to retract his intention to retire, while Plaintiff was not allowed to do so, further evidencing disparate treatment based on race.

45. That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and benefits, severe emotional distress, humiliation, and mental anguish.

46. That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT II
## GENDER DISCRIMINATION
### (Disparate Treatment)
### Title VII of the Civil Rights Act of 1964
### 42 U.S.C. §§ 2000e et seq.

47. Plaintiff hereby restates and incorporates paragraphs 1 through 32 of this Complaint as though fully set forth herein.

48. Plaintiff was qualified and satisfactorily performing his duties as a Lieutenant.

49. That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his gender (male) – a protected class under Title VII.

50. That the aforementioned acts constitute unlawful practices pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq.

51.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his gender (male).

52.     That the unlawful employment practices complained of above were intentional.

53.     That in approximately August of 2014, Plaintiff applied for a promotion to Major.

54.     That Plaintiff was qualified for the promotion to Major due to his twenty-five (25) years of service with MWAA, significant experience as a Lieutenant, education, and training.

55.     That Plaintiff was not even selected for an interview for the promotion to Major and thereby denied the promotion, despite his qualifications described above.

56.     That Ms. Naima Reed (female), similarly-situated Lieutenant, was treated more favorably than Plaintiff, as she was selected for an interview and ultimately promoted to Major, despite being significantly less qualified for the position than Plaintiff.

57.     Plaintiff's rejection for an interview and ultimately the promotion to Major thereby gives rise to an inference of unlawful discrimination based on gender.

58.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and benefits, severe emotional distress, humiliation, and mental anguish.

59.     That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## COUNT III
## RACIAL DISCRIMINATION
### (Disparate Treatment)
**D.C. Human Rights Act of 1977**
**D.C. CODE §§ 2-1401.01 et seq.**

60.    Plaintiff hereby restates and incorporates paragraphs 1 through 32 of this Complaint
as though fully set forth herein.

61.    D.C. CODE § 2-1402.11 (2015) prohibits an employer from discriminating against an
employee with respect to his compensation, terms, conditions, or privileges of
employment, including promotion, wholly or partially due to the employee's race.

62.    Plaintiff was qualified and satisfactorily performing his duties as a Lieutenant.

63.    That Defendant carried out the aforementioned acts of discrimination against Plaintiff
on the basis of his race (Caucasian) – a protected class under DCHRA.

64.    That the aforementioned acts constitute unlawful practices pursuant to DCHRA.

65.    That the effect of the practices complained of above was to deprive Plaintiff of equal
employment opportunities and otherwise adversely affect his status as an employee
because of his race (Caucasian).

66.    That the unlawful employment practices complained of above were intentional.

67.    That in approximately August of 2014, Plaintiff applied for a promotion to Major.

68.    That Plaintiff was qualified for the promotion to Major due to his twenty-five (25)
years of service with MWAA, significant experience as a Lieutenant, education, and
training.

69.    That Plaintiff was not even selected for an interview for the promotion to Major and
thereby denied the promotion, despite his qualifications described above.

70.     That Ms. Naima Reed (African-American), similarly-situated Lieutenant, was treated

        more favorably than Plaintiff, as she was selected for an interview and ultimately

        promoted to Major, despite being significantly less qualified for the position than

        Plaintiff.

71.     Plaintiff's rejection for an interview and ultimately the promotion to Major thereby

        gives rise to an inference of unlawful discrimination based on race.

72.     Additionally, Roscoe Evans (African-American), similarly-situated Lieutenant, was

        allowed to retract his intention to retire, while Plaintiff was not allowed to do so,

        further evidencing disparate treatment based on race.

73.     That the discriminatory actions, as set forth above, have caused and will continue to

        cause Plaintiff to suffer lost earnings and benefits, severe emotional distress,

        humiliation, and mental anguish.

74.     That the intentional discriminatory actions of Defendant, as alleged above, were done

        with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

**COUNT IV**
**GENDER DISCRIMINATION**
**(Disparate Treatment)**
**D.C. Human Rights Act of 1977**
**D.C. CODE §§ 2-1401.01 et seq.**

75.     Plaintiff hereby restates and incorporates paragraphs 1 through 32 of this Complaint

        as though fully set forth herein.

76.     D.C. CODE § 2-1402.11 (2015) prohibits an employer from discriminating against an

        employee with respect to his compensation, terms, conditions, or privileges of

        employment, including promotion, wholly or partially due to the employee's gender.

77.     That Defendant carried out the aforementioned acts of discrimination against Plaintiff on the basis of his gender (male) – a protected class under DCHRA.

78.     That the aforementioned acts constitute unlawful practices pursuant to DCHRA.

79.     That the effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because of his gender (male).

80.     That the unlawful employment practices complained of above were intentional.

81.     That in approximately August of 2014, Plaintiff applied for a promotion to Major.

82.     That Plaintiff was qualified for the promotion to Major due to his twenty-five (25) years of service with MWAA, significant experience as a Lieutenant, education, and training.

83.     That Plaintiff was not even selected for an interview for the promotion to Major and thereby denied the promotion, despite his qualifications described above.

84.     That Ms. Naima Reed (female), similarly-situated Lieutenant, was treated more favorably than Plaintiff, as she was selected for an interview and ultimately promoted to Major, despite being significantly less qualified for the position than Plaintiff.

85.     Plaintiff's rejection for an interview and ultimately the promotion to Major thereby gives rise to an inference of unlawful discrimination based on gender.

86.     That the discriminatory actions, as set forth above, have caused and will continue to cause Plaintiff to suffer lost earnings and benefits, severe emotional distress, humiliation, and mental anguish.

87.     That the intentional discriminatory actions of Defendant, as alleged above, were done with malice and/or with reckless indifference to Plaintiff's rights.

WHEREFORE, Plaintiff prays for relief as more fully set forth below.

## PRAYER FOR DAMAGES

WHEREFORE, for the foregoing reasons, Shawn M. Webster, Plaintiff, demands judgment against Defendant, John E. Potter, President, Metropolitan Washington Airports Authority, as follows:

a. $250,000.00 as compensatory damages;

b. $250,000.00 as punitive damages;

c. Back pay and lost benefits, in an amount to be determined at trial;

d. Front pay, in an amount to be determined at trial;

e. Prejudgment and post judgment interest;

f. Award attorney's fees and costs, including expert witness fees, as allowed by law;

g. Clean personnel record;

h. And for such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,

_____/s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)
Bennett and Associates, P.C.
133 Defense Hwy., Suite 209
Annapolis, Maryland 21401
Tel: (410) 974-6000
Email: pbennett@paulvbennett.com

*Attorney for Plaintiff*

12

## **DEMAND FOR JURY TRIAL**

Shawn M. Webster, Plaintiff, hereby demands that this matter be tried by jury.


_____ /s/_____
Paul V. Bennett, Esq. (DC Bar No. 427358)