**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| SHAWN M. WEBSTER, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-cv-02179 (TSC) |
| | ) | |
| JOHN E. POTTER, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Plaintiff Shawn M. Webster brings this race and gender discrimination action pursuant to
Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.* and the District of Columbia Human
Rights Act ("DCHRA"), D. C. Code § 2–1401, *et seq.*, against his former employer the
Metropolitan Washington Airports Authority ("MWAA").[1]  Before the court is MWAA's
Motion to Dismiss.  The court will GRANT the motion with respect to Webster's DCHR claim
and DENY the motion in all other respects.  But, because MWAA is correct that venue in this
district is improper, the court will exercise its discretion to transfer, rather than dismiss this case.

---

[1] Webster named "John E. Potter, President Metropolitan Washington Airports Authority" as the
defendant in the Complaint.   In his brief, however, Webster clarifies that he is proceeding
against the MWAA, and seeks leaves to amend his complaint to substitute the Airport Authority
for Potter.  (ECF Nos. 5-6).  Because venue is not proper in this district and MWAA challenges
the viability of Webster's proposed amended complaint, the court declines to decide Webster's
motion.

## I.      BACKGROUND

Webster was employed as a law enforcement officer with MWAA and worked at the Ronald Reagan Washington National Airport ("National Airport"), in Arlington, Virginia. (Compl. ¶¶ 3, 8).  Webster, who is Caucasian, alleges he was passed over for promotions in favor of less qualified female and African-American candidates.  (*Id.* ¶¶ 6, 20).  He also alleges disparate treatment with respect to his retirement.  Webster submitted his retirement notice around the time that he was being investigated by MWAA for alleged harassment of a female African-American subordinate.  (*Id.* ¶¶ 23-31).  Later, he attempted to retract his retirement notice, but MWAA denied his request.  (*Id.* ¶¶ 27-30.)  He claims MWAA's response to his request was discriminatory because MWAA had previously allowed an African-American employee to retract his retirement notice.  (*Id.* ¶ 30).  In his Complaint, Webster asserts that "all the actions complained of herein took place at the Ronald Reagan Washington National Airport in Arlington, Virginia."  (*Id.* ¶ 3).

According to defendant Potter, who is the Chief Executive Officer, MWAA does not have office buildings or a physical presence in Washington, D.C.  (Defs. Ex. 1, Potter Aff. ¶ 4). While WMMA's corporate office building has a Washington, D.C. mailing address, the building is physically and legally located in Arlington County, Virginia on the grounds of the National Airport.  (*Id.* ¶ 3).  Additionally, Webster's employment records are located in Arlington, Virginia.  (*Id.* ¶ 6).  Potter notes that MWAA police officers are assigned to work at the National Airport and at the Dulles International Airport, which is located in Loudoun County, Virginia. (*Id.* ¶ 5).

MWAA seeks dismissal of this action for several reasons.  The pivotal reasons at this stage of the litigation relate to improper venue, *see* Fed. R. Civ. P. 12(b)(3) (allowing dismissal for improper venue), and the viability of Webster's DCHRA claim, D. C. Code § 2–1401, *et seq.*

## II. ANALYSIS

### A.  Venue

When "considering a Rule 12(b)(3) motion [to dismiss for improper venue], the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.  The court, however, need not accept the plaintiff's legal conclusions as true." *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 276–77 (D.D.C. 2002) (citation omitted). The party objecting to venue must present sufficient facts to put the plaintiff on notice that there is a defect in venue.  *McCain v. Bank of Am.*, 13 F. Supp. 3d 45, 51 (D.D.C. 2014) *aff'd sub nom.* 602 F. Appx. 836 (D.C. Cir. 2015).  "Nevertheless, the burden remains on the plaintiff to establish that venue is proper since it is the plaintiff's obligation to institute the action in a permissible forum." *McCain*, 13 F. Supp. 3d at 51 (citation and internal quotations omitted). "The court may resolve the motion on the basis of the complaint alone, or, as necessary, examine facts outside the complaint that are presented by the parties, while drawing reasonable inferences in favor of the plaintiff." *Id.* (citation omitted).

In Title VII cases, venue is proper: (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed"; (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered"; or (3) "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. . . ."  42 U.S.C. § 2000e–5(f)(3).  If, however, "the respondent is

not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office." *Id.*

MWAA contends that venue is improper here in Washington, D.C. because none of the incidents about which Webster complains occurred here, none of Webster's employment records are located here, and Webster would not have worked here in the absence of the alleged discrimination.  Thus, MWAA correctly argues that venue for Title VII purposes is not appropriate in the District of Columbia.

Webster did not address the Title VII venue argument in his complaint.  Instead, he claims that venue is proper under the general venue provision found in 28 U.S.C. § 1391(b)(2), which provides, in relevant part, that "[a] civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  Webster argues that this venue provision is satisfied because the District of Columbia is one of the jurisdictions that created the MWAA, which serves District of Columbia residents and employs Webster.  In his view, "it is undisputable that the employment relationship between the parties constitutes a substantial part of the events giving rise to the claims."  (Pls. Br. p. 5).  He further argues that, because the Secretary of Transportation, who is located in the District of Columbia, "retains ownership of the Ronald Reagan Washington National Airport – where much of the alleged discriminatory conduct . . . took place," venue here is proper.  (*Id*.)  Finally, despite MMWA's evidence that it is located in Virginia, but maintains a Washington, D.C. mailing address, Webster asserts in his proposed amended complaint that MWAA is located at "One Aviation Circle, Washington, D.C."  (Pls. Br. at Ex. 1, Amend. Compl. ¶ 8).

These arguments are far from compelling.  But more importantly, they are irrelevant.

Webster's reliance on the general venue statute is misplaced because the "[Title VII venue]

provision controls any other venue provision governing actions in federal court."  *Donnell v.*

*Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983) (citing *Stebbins v. State Farm Mutual*

*Auto. Ins. Co.,* 413 F.2d 1100 (D.C. Cir. 1969)).

Applying the Title VII provision, the court finds that Webster has not met his burden of

establishing proper venue in the District of Columbia.  It is undisputed that none of the incidents

about which Webster complains occurred here, none of Webster's employment records are

located here, and Webster would not have worked here in the absence of the alleged

discrimination.  Rather, he worked in Virginia (in or around Arlington), his records were

maintained there, and he would have worked in Virginia had he not retired.

When a plaintiff files a case in the wrong district, the court may dismiss it, "or if it be in

the interest of justice, transfer such case" to the proper venue.  28 U.S.C. § 1406(a); *see* Fed. R.

Civ. P. 12(b)(3).   Accordingly, the court will transfer this action to the Eastern District of

Virginia, which encompasses Arlington and Loudon Counties.  *See* 28 U.S.C. § 127(a) (setting

forth the counties included in the Eastern District of Virginia).

B.  DCHRA Claim

MWAA correctly argues that Webster's DCHRA claim is not actionable.  The DCHRA

"applies to a discrimination claim if: the challenged discriminatory decision was made in the

District; the 'effects' of that decision were felt in the District; or both.  *Thomas v. Sotera Def.*

*Sols., Inc.*, 40 F. Supp. 3d 181, 185 (D.D.C. 2014) (citing *Monteilh v. AFSCME, AFL–CIO,* 982

A.2d 301, 303–5 (D.C. 2009)).  The statute "is not extraterritorial; it does not and cannot secure

an end to discrimination in jurisdictions outside of the District of Columbia." *Cole v. Boeing Co.,* 845 F. Supp. 2d 277, 284 (D.D.C. 2012) (citing *Monteilh,* 982 A.2d at 304).

Because Webster has not alleged that he challenges employment decisions that were made in the District or that the effects of those decisions were felt in the District, *see id.*, the court will dismiss this claim.

## III. CONCLUSION

For the reasons set forth above, the court finds that Webster's DCHRA claim is not actionable and venue in this district is improper.  Accordingly, the court will dismiss the DCHRA claim and, pursuant to 28 U.S.C. Section 1406(a), transfer this action to the Eastern District of Virginia.


Date:  May 4, 2016


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge